# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00806-CR

**Linda Wallace, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NO. 9024138, HONORABLE JON N. WISSER, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Appellant Linda Wallace pleaded guilty to possessing four grams of heroin with intent to deliver. *See* Tex. Health & Safety Code Ann. § 481.112(a), (d) (West 2003). The district court found her guilty and assessed punishment, enhanced by two previous felony convictions, at twenty-five years in prison. *See* Tex. Pen. Code Ann. 12.42(d) (West Supp. 2004). Appellant's only contention on appeal is that the court erred by enhancing her punishment pursuant to section 12.42(d) because the State failed to prove that she was the person convicted in one of the two earlier cases. We will affirm.

The two previous convictions used to enhance appellant's punishment were Travis County cause numbers 61,686 and 49,335. Appellant's conviction in cause number 49,335 was proved by comparing her known fingerprints with the fingerprints contained in a penitentiary packet

that also contained a certified copy of the judgment of conviction in that cause. Appellant does not challenge the sufficiency of the evidence with respect to this conviction. At issue is the sufficiency of the evidence with respect to cause number 61,686.

The State alleged that on August 29, 1991, in the 147th District Court of Travis County, appellant was convicted in cause number 61,686 for obtaining a controlled substance by fraud. At trial in the instant case, the State introduced its exhibit 4, containing certified copies of the indictment, judgment of probation, and judgment revoking probation in Travis County cause number 61,686.[1] On the indictment, above the cause number, there is the typed notation "80-2723/106__." The numbers following the "106" were obliterated when holes were punched in the indictment, presumably for filing purposes. The documents in State's exhibit 4 reflect that on July 22, 1981, in cause number 61,686, a person named Linda Wallace was adjudged guilty of obtaining a controlled substance by fraud in the 126th District Court of Travis County; that on August 24, 1981, she was sentenced to eight years in prison but placed on probation; and that on August 29, 1991, in the 147th District Court of Travis County, her probation was revoked and sentence imposed.

The question remains whether the State proved that appellant is the Linda Wallace convicted in cause number 61,686. To prove this, the State first introduced its exhibit 2, a booking record showing that Linda Wallace, a white female aged 32, was arrested on September 27, 1980, for obtaining a controlled substance by fraud. The fingerprint on this card was shown to match

---

[1] Appellant objected to the admission of exhibit 4, but the objection was overruled. Although the court did not expressly state that the exhibit was admitted in evidence, that was the clear effect of its ruling. Appellant's assertion that State's exhibit 4 was not admitted in evidence is without merit.

appellant's known print. Hand printed on the card is the notation "8-24-81, 8 yrs. prob." This appears to be a reference to the judgment of probation in cause number 61,686, but that cause number does not appear on the booking record. Instead, it bears cause number 106518.

The State also introduced its exhibits 5 and 6. State's exhibit 5 is a personal bond for Linda Wallace, white female aged 32, charged with obtaining a controlled substance by fraud. It is dated September 28, 1980, and bears cause number 106518. State's exhibit 6 is a printed magistrate's warning showing that on September 27, 1980, Linda Wallace was advised of her rights in cause number 106518, obtaining a controlled substance by fraud. In addition to the cause number, the magistrate's warning also refers to "DA# 80-2723." Derrick Bateman, the case coordinator for the 299th District Court, testified that exhibits 5 and 6 were contained in the file and part of the record in Travis County cause number 61,686.

State's exhibits 2, 5, and 6 demonstrate that appellant was arrested for obtaining a controlled substance by fraud on September 27, 1980, advised of her rights, and released on bond the following day. At that time, the offense was assigned cause number 106518. That this was the same offense later assigned cause number 61,686 upon indictment is shown by the identity of name and offense; the presence on the indictment of the first three digits of cause number 106518 and the "DA number" contained in the magistrate's warning; the correlation between the date of appellant's arrest as shown by the booking record (September 27, 1980), and the date the offense was committed in cause number 61,686 as recited in the judgment (September 23, 1980); the notation on the booking record of the date of conviction and punishment assessed in cause number 61,686; and the testimony of the case coordinator that appellant's personal bond and magistrate's warning were part

3

of the record in cause number 61,686. Viewing all this evidence in the light most favorable to the court's finding, we conclude that a rational trier of fact could find beyond a reasonable doubt that appellant was the person previously convicted in Travis County cause number 61,686. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979) (standard of review); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981) (same).

The point of error is overruled and the judgment of conviction is affirmed.


_____

Mack Kidd, Justice

Before Chief Justice Law, Justices Kidd and Puryear

Affirmed

Filed:   March 25, 2004

Do Not Publish

4